**DISCIPLINARY COUNSEL *v.* MUNTEAN.**

**[Cite as *Disciplinary Counsel v. Muntean,* 138 Ohio St.3d 1278,**

**2014-Ohio-947.]**

(No. 2010-1463—Submitted February 26, 2014—Decided March 17, 2014.)

ON PETITION FOR REINSTATEMENT.

_____

{¶ 1} This cause came on for further consideration upon the filing on May 20, 2013, of a petition for reinstatement by respondent, Christopher Muntean, Attorney Registration No. 0077343. In accordance with Gov.Bar R. V(10)(F), respondent's petition for reinstatement was referred to the Board of Commissioners on Grievances and Discipline. The board filed its final report in this court on December 16, 2013, recommending that respondent be reinstated to the practice of law in Ohio, subject to conditions. No objections to the final report were filed.

{¶ 2} Upon consideration thereof, it is ordered by this court that the petition for reinstatement of respondent is granted and that respondent, Christopher Muntean, last known address in Akron, Ohio is reinstated to the practice of law in Ohio, subject to the conditions that respondent shall (1) continue treatment with Dr. Avery Zook or a like medical professional, (2) complete a continuing-legal-education program focusing on business management of the practice of law within 90 days of the date of this order, and (3) have a member of the bar, designated by relator, act as a monitor for a period of two years.

{¶ 3} It is further ordered that on or before 30 days from the date of this order, relator shall file with the clerk of this court the name of the attorney who will serve as respondent's monitor, in accordance with Gov.Bar R. V(9). It is

further ordered that at the end of respondent's probationary period, relator shall file with the clerk of this court a report indicating whether respondent, during the probationary period, complied with the terms of the probation.

{¶ 4} It is further ordered that at the end of the probationary period, respondent may apply for termination of probation as provided in Gov.Bar R. V(9). It is further ordered that respondent's probation shall not be terminated until (1) respondent files an application for termination of probation in compliance with Gov.Bar R. V(9)(D), (2) respondent complies with this and all other orders issued by this court, (3) respondent complies with the Rules for the Government of the Bar of Ohio, (4) relator files with the clerk of this court a report indicating that respondent has complied with the terms of the probation, and (5) this court orders that the probation be terminated.

{¶ 5} It is further ordered by the court that respondent be taxed the costs of these proceedings in the amount of $984.30, less the deposit of $500, for a total balance due of $484.30, payable by cashier's check or money order, by respondent on or before 90 days from the date of this order. If costs are not paid on or before 90 days from the date of this order, interest at the rate of 10 percent per annum will accrue until costs are paid in full. It is further ordered that if costs are not paid in full on or before 90 days from the date of this order, the matter may be referred to the attorney general for collection, and respondent may be found in contempt and suspended until all costs and accrued interest are paid in full.

{¶ 6} It is further ordered, sua sponte, by the court that within 90 days of the date of this order, respondent shall reimburse any amounts that have been awarded against respondent by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F). It is further ordered, sua sponte, by the court that if, after the date of this order, the Clients' Security Fund awards any amount against respondent

2

pursuant to Gov.Bar R. VIII(7)(F), respondent shall reimburse that amount to the Clients' Security Fund within 90 days of the notice of that award.

{¶ 7} It is further ordered, sua sponte, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings. All case documents are subject to Sup.R. 44 through 47, which govern access to court records.

{¶ 8} It is further ordered that the clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, and O'NEILL, JJ., concur.

FRENCH, J., dissents.

_____